UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
———

IVAN LEE PAGE,

                Plaintiff,                       Case No. 1:09-cv-81

v.                                         Honorable Gordon J. Quist

THOMAS BIRKETT et al.,

                Defendants.              **<u>ORDER OF TRANSFER</u>**
_____/

         This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff presently is incarcerated at the Standish Maximum Correctional Facility (SMF). Plaintiff sues the following SMF employees: Warden Thomas Birkett; Assistant Deputy Wardens C. Walker and S. King; Assistant Resident Unit Supervisor D. Potila; Hearings Investigator C. Conachan; Grievance Coordinator B. Alexander; and Resident Unit Manager L. Bowerson. In his *pro se* complaint, Plaintiff alleges that Defendants violated his rights under the Equal Protection Clause, Due Process Clause and policies of the Michigan Department of Corrections by failing to properly conduct an administrative hearing. The events giving rise to Plaintiff's action occurred at the Standish Maximum Correctional Facility, which is located in Arenac County. Arenac County is within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a).

         Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Defendants are public officials serving in Arenac County, and they "reside" in that county for purposes of venue over a suit challenging official acts.

*See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Plaintiff's allegations against these Defendants arose in Arenac County, where Defendants allegedly committed the acts giving rise to this case. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185-87 (1979). In these circumstances, venue is proper only in the Eastern District. Therefore:

IT IS ORDERED that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a). **It is noted that this Court has not decided Plaintiff's motion to proceed *in forma pauperis*, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).**

IT IS SO ORDERED.


Dated:  February 27, 2009                    /s/ Hugh W. Brenneman, Jr.
                                             HUGH W. BRENNEMAN, JR.
                                             United States Magistrate Judge